IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, ) | Civil Action No.:2:15-cv-04674-JMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| David Dunlap, *Warden of Kershaw* ) | |
| *Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2241. This matter is before the Court on the Respondent's Motion to Dismiss. (Dkt. No. 8.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner Bernard McFadden ("Petitioner" or "McFadden") filed this habeas action on or about November 16, 2015. (Dkt. No. 1; *see also* Dkt. No. 1-3 at 1 of 2.) On February 17, 2016, Respondent filed a Motion to Dismiss. (Dkt. No. 8.) By order filed February 18, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 9.) Petitioner filed a his Response in Opposition on or about March 14, 2016. (Dkt. No. 11.) Respondent filed a Reply, to which Petitioner filed a Sur-Reply. (Dkt. No. 12; Dkt. No. 13.)

For the reasons set forth herein, the undersigned recommends granting Respondent's Motion to Dismiss (Dkt. No. 8).

**PROCEDURAL HISTORY**

The Petitioner is currently incarcerated at Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In the instant § 2241 petition, Petitioner states that the petition concerns a prison disciplinary action or other action resulting in the loss of good-time credits. (*See* Dkt. No. 1 at 1 of 10.) Based on Petitioner's submissions, it appears that on February

1

11, 2015, he was found guilty of the offense of Striking an Inmate. (*See* Dkt. No. 1-1 at 8 of 19.) According to Petitioner's allegations, he filed a Step 1 and Step 2 grievance, which were both denied. (*See* Dkt. No. 1 at 6 of 10.) Petitioner states that he appealed to the South Carolina Administrative Law Court, which "denied the appeal, citing title 1-23-670 and request[ing] filing fees." (Dkt. No. 1 at 6-8 of 10.) Petitioner asserts that he then sought a mandamus in the South Carolina Supreme Court, which was denied on October 30, 2015. (*Id*. at 8 of 10.)

> In his § 2241 petition, Petitioner raises the following grounds for relief:
>
> Issue #1: Whether Petitioner was improperly denied requested mental health officials as witnesses after a psychotic inmate remained in Petitioner's cell after not taking his anti-psychotic medications for more than (1) month, in violation of Petitioner's 14th Amendment right under the U.S. Constitution?
>
> Issue #2: Whether Petitioner was improperly denied requested witnesses who overheard psychotic inmate Gillard stating, "it ain't over!" while being held, told others he wanted to fight Petitioner, and assaulted another inmate (1) hour later–in violation of Petitioner's 14th Amendment right under the U.S. Constitution?
>
> Issue #3: Whether Petitioner acted wilfully where he yelled for officers to come get psychotic inmate, where officers never saw Petitioner strike psychotic inmate, and where psychotic inmate assaulted another inmate (1) hour later after released from medical, in violation of Petitioner's 14th Amendment right under the U.S. Constitution?
>
> Issue #4: Whether Petitioner was improperly denied requested inmate witnesses where counsel substitute never requested inmates or allowed inmates to refuse to respond to his questions, contrary to SCDC disciplinary policy OP-22.14, Section 840, particularly where Petitioner obtained and possesses (3) statements after released from SMU–all in violation of Petitioner's 14th Amendment procedural due process right under the U.S. Constitution?

(Dkt. No. 1-4 at 2-3 of 11.)

Petitioner states that he seeks either (a) vacation of his disciplinary conviction, and restoration of his 60 days of good-time credits, or (b) an Order of this Court compelling "the S.C. Administrative Law Court's clerk, or any other courts[] below it, to file his motion to proceed in forma pauperis for

a ruling within the meaning of Austin v. State, 471 S.E.2d 134, 135 (S.C. 1995)." (Dkt. No. 1-4 at 10-11 of 11.)[1] As noted above, Respondent seeks dismissal of the instant action. (*See* Dkt. No. 8.)

## DISCUSSION

As noted above, Respondent filed a Motion to Dismiss. (Dkt. No. 8.) In that motion, Respondent asserts the petition should be dismissed "because Petitioner failed to exhaust state remedies and has procedurally defaulted." (Dkt. No. 8-1 at 2 of 4.) Respondent contends that the instant action should be dismissed because Petitioner's appeal with the Administrative Law Court was denied because Petitioner failed to pay the required $25.00 filing fee. (*Id.* at 2-3 of 4.)

Generally speaking, before a petitioner files a petition for a writ of habeas corpus, the petitioner must exhaust his or her state court remedies prior to filing such petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); *see also Austin v. Watts*, Civ. A. No. 9:13-216-MGL-BM, 2013 WL 1686304, at *3 (Jan. 29, 2013), *adopted at* 2013 WL 1686463 (Apr. 18, 2013). "To exhaust his state remedies attacking the execution of his sentence, Petitioner must follow the procedure set out in" *Al Shabazz v. State of South Carolina*, 338 S.C. 354, 527 S.E.2d 742 (2000). *McCoy v. Glidewell*, Civ. A. No. 4:11-cv-1683-JFA-TER, 2012 WL 3716872, at *4 (D.S.C. June 18, 2012), *adopted at* 2012 WL 3716485 (Aug. 28, 2012). "[B]efore Plaintiff may proceed with a federal habeas corpus petition in this court challenging his continued custody and/or his alleged sentence max-out date miscalculation, Plaintiff must first exhaust his state *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his state *court* remedies as provided through the" South Carolina Administrative Procedures Act, S.C. Code §§ 1-23-310 through 1-23-400. *Austin*

---

[1] In *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), the South Carolina Supreme Court allowed a petitioner to file a late appeal of the denial of his application for post-conviction relief ("PCR"), where the petitioner alleged that his PCR counsel was ineffective in failing to seek appellate review of the denial of PCR. Petitioner appears to have the citation incorrect.

*v. Watts*, Civ. A. No. 9:13-216-MGL-BM, 2013 WL 1686304, at *3 (Jan. 29, 2013), *adopted at* 2013 WL 1686463 (Apr. 18, 2013).

As explained in *Carter v. Warden*, Civ. A. No. 8:08-2066-CMC-BHH, 2009 WL 1393447 (D.S.C. May 18, 2009),

> To exhaust state court remedies in South Carolina, an inmate must appeal the final decision of the SCDC pursuant to the South Carolina Administrative Procedures Act ("SCAPA"), S.C. Code Ann. § 1–23–310 to –400. *See Al-Shabazz v. South Carolina*, 338 S.C. 354, 527 S.E.2d 742, 754–756 (S.C. 2000). Under the SCAPA, if an inmate is not satisfied with the agency's final decision, the inmate must first file an appeal with the ALC. S.C. Code Ann. § 1–23–380; *Furtick v. S.C. Dep't of Corrections*, 374 S.C. 334, 649 S.E.2d 35, 37–38 (S.C. 2007). The ALC's review of the claim is a necessary step in the exhaustion of state remedies in a habeas action. *See Furtick*, 649 S.E.2d at 37–38. *See also Dicks v. South Carolina Dep't of Corr.*, 2006 WL 1207851 at *3 (D.S.C. 2006). If the decision of the ALC is not favorable, the SCAPA requires that the inmate must then pursue review by the South Carolina Court of Appeals. S.C. Code Ann. § 1–23–380(A). An inmate's failure to exhaust his administrative remedies may only be excused upon a showing of cause and prejudice. *Carmona v. BOP*, 243 F.3d 629, 634 (2d Cir. 2001) (cited in *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (unpublished)).

*Carter*, 2009 WL 1393447, at *3.

In the case *sub judice*, Petitioner did attempt to appeal to the Administrative Law Court. (*See* Dkt. No. 1 at 6, 8 of 10.) However, his appeal was dismissed due to his failure to pay the filing fee. (Dkt. No. 1 at 8 of 10; *see also* Dkt. No. 1-1 at 1 of 19.) Petitioner attached a memorandum to him from the Clerk's Office of the Administrative Law Court; that memorandum stated,

> If you file more than 3 administrative appeals during a calendar year, you are required to pay a $25 filing fee pursuant to S.C. Code Ann. § 1-23-670, which states in part:
> > "No filing fee is required in administrative appeals by inmates from final decisions of the Department of Corrections or the Department of Probation, Parole and Pardon Services. However, **if an inmate files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar** filing fee."
> Our records indicate that you have filed 3 appeals in this calendar year and therefore the appeal attached is being returned and will not be processed unless it is accompanied by the appropriate fee.

(Dkt. No. 1-1 at 1 of 19 (emphasis in original).) Petitioner states that "because the Clerk returned the notice [of appeal] before a judge ruled that Petitioner had (3) prior frivolous cases within the meaning

4

of title 1-23-670, he filed a Motion to Compel Clerk to file Appeal #KRCI-0165 or, in Alternative For, Motion to Proceed In Forma Pauperis and Declaration." (Dkt. No. 1-4 at 1 of 11.) Petitioner asserts that, like the notice of appeal, the Clerk returned the motion, "contrary to *Martin v. State*, 471 S.E.2d 134, 135 (S.C. 1995)." (Dkt. No. 1-4 at 1 of 11.) Petitioner states that he then filed a Petition for Writ of Mandamus to compel the Administrative Law Court to file his Motion for Leave to Proceed In Forma Pauperis. (Dkt. No. 11 at 2 of 9.) Petitioner asserts that Chief Justice Toal denied his Motion for Leave to Proceed In Forma Pauperis and dismissed his mandamus. (*Id.*; *see also* Dkt. No. 1-1 at 18 of 19.)

It is undisputed that the Administrative Law Court returned Petitioner's appeal because Petitioner did not pay the filing fee. Petitioner complains, however, that "the record is silent as to whether a judge . . . has ever screened this case to determine whether it's frivolous as required by [South Carolina Code § 1-23-670], and thus, there's no determination whether the Clerk's action was appropriate." (Dkt. No. 11 at 3 of 9.) He asserts "there should have been no fee requirement without first a judge screening this case to determine whether it's frivolous" and that "this Court should find that [Petitioner] has fairly presented all (4) federal claims to the State's highest court and address the merits." (*Id.* at 3-4 of 9.) Petitioner complains that Respondent's motion does not "address the fact that the ALC Clerk was required to file [his] Motion to Proceed In Forma Pauperis." (*Id.* at 4 of 9.) He further contends that the Respondent's motion does not address his "mandamus raising all (4) federal claims." (*Id.* at 4-5 of 9.) Petitioner states,

> Because the state's highest court, the S.C. Supreme Court, was fairly presented the (4) federal claims in McFadden's (11) page writ of mandamus–which is a mirror copy of the present habeas corpus application's (11) page attachment having the same 9/11/2015 date in this case–this court should find that McFadden did not procedurally default these (4) federal claims.

(*Id.* at 6 of 9.) He contends, therefore, that this court should address the merits of his claims. (*Id.*)

The undersigned recommends granting Respondent's Motion to Dismiss (Dkt. No. 8). Petitioner did not pay the required filing fee, and as a result, the Administrative Law Court returned his appeal unprocessed. (*See* Dkt. No. 1-1 at 1 of 19.) The case *sub judice* is similar to *Bryan v.*

5

*McFadden*, Civ. A. No. 5:15-1483-TMC, 2016 WL 470012 (D.S.C. Feb. 8, 2016). In *Bryan*, the respondent argued that the case should be dismissed because the petitioner failed to exhaust administrative remedies. *Bryan*, 2016 WL 470012, at *3. The petitioner "failed to receive a decision from the state's highest court because he did not pay the filing fee at the South Carolina Administrative Law Court ('SCALC') to pursue his claim." *Id*. Accordingly, the district court concluded that the petitioner "failed to exhaust his administrative remedies and is barred from pursing it through a petition for habeas relief." *Id*. The court noted the petitioner's argument that his case "should not be dismissed for failure to pay a filing fee in state court because he is indigent," but the district court concluded that dismissal was proper, stating, "Petitioner's failure to pay the filing fee resulted in him being unable to receive a decision from the state's highest court. Because Petitioner failed to exhaust his administrative remedies, the court would have granted the motion to dismiss." *Id*. (citations omitted).

The statute referred to in the memorandum from the Clerk of the Administrative Law Court, South Carolina Code Section 1-23-670, provides,

> Each request for a contested case hearing, notice of appeal, or request for injunctive relief before the Administrative Law Court must be accompanied by a filing fee equal to that charged in circuit court for filing a summons and complaint, unless another filing fee schedule is established by rules promulgated by the Administrative Law Court, subject to review as in the manner of rules of procedure promulgated by the Supreme Court pursuant to Article V of the Constitution of this State. This fee must be retained by the Administrative Law Court in order to help defray the costs of the proceedings. **No filing fee is required in administrative appeals by inmates from final decisions of the Department of Corrections or the Department of Probation, Parole and Pardon Services. <u>However, if an inmate files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar filing fee.</u>** If the presiding administrative law judge determines at the conclusion of the proceeding that the case was frivolous or taken solely for the purpose of delay, the judge may impose such sanctions as the circumstances of the case and discouragement of like conduct in the future may require.

S.C. CODE ANN. § 1-23-670 (emphasis added). The statute plainly states that if an inmate "files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar filing fee." *Id*. It is undisputed that Petitioner had filed three

6

administrative appeals during the relevant calendar year. Accordingly, pursuant to the statute, he was required to pay the $25.00 filing fee in order to appeal the at-issue disciplinary action. His failure to do so, and thereby failure to exhaust his state court remedies, subjects the instant petition to dismissal. *See Bryan*, 2016 WL 470012.

Petitioner contends that his case is distinguishable from *Bryan* because "[a] review of *Bryan* . . . will show no where did Bryan file a motion to proceed in forma pauperis." (Dkt. No. 13 at 1 of 3.) While Petitioner is correct that *Bryan* does not mention the petitioner filing a motion for leave to proceed in forma pauperis, the undersigned concludes such a distinction is immaterial. In *Lisenby v. Riley*, Civ. A. No. 5:13-cv-1866 DCN, 2014 WL 1167503 (D.S.C. Mar. 20, 2014), the petitioner's § 2241 petition was dismissed where he attempted to appeal the South Carolina Administrative Law Court's dismissal to the South Carolina Court of Appeals; he filed a Notice of Appeal along with a Motion to Proceed In Forma Pauperis. *Lisenby*, 2014 WL 1167503, at *4. The court in *Lisenby* stated,

> The S.C. Court of Appeals denied his in forma pauperis motion citing to *Ex Parte Martin*, 321 S.C. 533, 471 S.E.2d 134, 135 (S.C. 1995) (concluding "motions to proceed in forma pauperis may only be granted where specifically authorized by statute or required by constitutional provision."). ECF No. 19–5 at 6. Petitioner's appeal was dismissed on June 3, 2013 due to Petitioner's failure "to provide the notice of the appeal filing fee." ECF No. 19–5 at 7. Petitioner also appealed his Step 2 grievance which affirmed his conviction for striking an officer to the SCALC, and this appeal was dismissed with prejudice. ECF No. 19–6. On July 8, 2013, Petitioner filed a Notice of Appeal of the SCALC's decision and the S.C. Court of Appeals dismissed his appeal on October 10, 2013 because Petitioner failed to pay the Notice of Appeal filing fee. ECF No. 19–7. Because the S.C. Court of Appeals dismissed Petitioner's appeals due to his failure to pay the filing fees, Petitioner has not received a decision from the state's highest court on the issues in his habeas Petition, and thus has not exhausted his state remedies. *See Yawn v. Eagleton*, No. 409–1221–PMD–TER, 2009 WL 3571364, at *3 (D.S.C. Oct.26, 2009) (finding failure to pay state appellate court filing fee resulted in a procedural default barring a claim from subsequent habeas review).

*Lisenby*, 2014 WL 1167503, at *4. Because Petitioner failed to exhaust his state court remedies, the instant petition should be dismissed.[2]

---

[2]The undersigned notes the Fourth Circuit's recent decision in *In re Wright*, No. 15-281, 2016 WL 3409851 (June 21, 2016). In that case, the Fourth Circuit stated, "[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as

7

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion to Dismiss (Dkt. No. 8) be GRANTED, and that the Petitioner's habeas petition be DISMISSED. It is further RECOMMENDED that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 6, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *Wright*, 2016 WL 3409851, at *4. However, treating the instant petition as a § 2254 petition for purposes of § 2244(b) does not change the result, as the instant petition does not appear to be a "second or successive" one. *Cf. Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("The statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).