**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Bernard McFadden, | ) | |
| | ) | Civil Action No. 2:15-cv-004674-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| David Dunlap, Warden of Kershaw | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Bernard McFadden ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his conviction in a disciplinary proceeding at the state correctional institution where he is incarcerated. (ECF No. 1; ECF No. 1-4.) This matter is before the court on Respondent David Dunlap's ("Respondent") Motion to Dismiss (ECF No. 8).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial handling. On July 6, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that the court grant Respondent's Motion to Dismiss. (ECF No. 14.) This review considers Petitioner's Objections to Magistrate's Report and Recommendation ("Objections"), filed July 18, 2016. (ECF No. 16.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), **GRANTS** Respondent's Motion to Dismiss (ECF No. 8), and **DISMISSES** the Petition (ECF No. 1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and

procedural summation in the Report and Recommendation is accurate, and the court adopts this summary. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

On February 11, 2015, Petitioner was convicted, in a prison disciplinary hearing, of striking another inmate (*see* ECF No. 1-1 at 8), and, he alleges, his punishment included a loss of good time credit (*see id.*; ECF No. 1 at 9; ECF No. 1-4 at 11). Petitioner also alleges that his requests to produce witnesses at the hearing who would testify regarding the underlying incident were denied, which, he claims, violated his rights under the Fourteenth Amendment. (ECF No. 1-4 at 2-10.)

Petitioner filed a Step 1 administrative grievance with the South Carolina Department of Corrections ("SCDC"), which was denied, and a Step 2 grievance, which was also denied. (ECF No. 1 at 6.) Thereafter, Petitioner submitted a notice of appeal to the South Carolina Administrative Law Court ("ALC"). The Clerk's Office of the ALC refused to file the appeal and, instead, returned it to Petitioner along with a memorandum. (ECF No. 1-1 at 1.) Citing S.C. Code Ann. § 1-23-670 (Supp. 2015),[1] the memorandum stated: "Our records indicate you have filed 3 appeals in this calendar year and therefore the appeal attached is being returned and will not be processed unless it is accompanied by the appropriate fee." (*Id.*)

In response, Petitioner filed in the ALC a motion to compel the Clerk's Office to file his appeal or, in the alternative, to proceed in forma pauperis. (*Id.* at 13-14.) As a ground for the motion, Petitioner argued that, because he is indigent and because the case involved fundamental rights, the § 1-23-670 filing fee must be waived. (*Id.* (citing *Stoudemire v. S.C. Dep't of Corr.*, No. 8:08-03866-HFF-BHH, 2009 WL 2207819 (D.S.C. July 23, 2009); *Martin v. State*, 471 S.E.2d

---

[1] In relevant part, § 1-23-670 provides that "[n]o filing fee is required in administrative appeals by inmates from final decisions of the Department of Corrections . . . . However, if an inmate files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar filing fee." S.C. Code Ann. § 1-23-670.

134 (S.C. 1995)).) Petitioner alleges that the ALC Clerk's Office returned his motion to him unfiled. (ECF No. 1-4 at 1.)

Petitioner then apparently filed a petition for a writ of mandamus in the Supreme Court of South Carolina and simultaneously moved for the Supreme Court to waive the filing fee that applied to the mandamus petition. (*See* ECF No. 1-1 at 18.) Speaking for the Supreme Court, the Chief Justice denied the motion to waive the filing fee and, because it could not be accepted absent the filing fee, dismissed the mandamus petition. (*Id.*); *see* S.C. App. Ct. R. 240(d) & n.1 (setting $25 fee to file petitions in Supreme Court).

Petitioner filed the instant Petition on November 16, 2015, seeking review of his Fourteenth Amendment claims. (ECF No. 1-3 at 1; ECF No. 1-4 at 2-3.) On February 17, 2016, Respondent filed his Motion to Dismiss, arguing that dismissal was warranted because Petitioner had failed to exhaust his state court remedies or had procedurally defaulted on his claims. (ECF No. 8.) The Magistrate Judge concluded that, because Petitioner had failed to perfect the filing of his appeal in the ALC, he had failed to exhaust his state court remedies. (ECF No. 14 at 3-7.) Accordingly, the Magistrate Judge recommended that the Petition be dismissed. (*Id.* at 7-8.) In his Objections, Petitioner argues essentially that the Magistrate Judge erred by not taking into account that the ALC's refusing to file his appeal based on the § 1-23-670 filing fee constituted a denial of access to the courts in a manner inconsistent with federal and South Carolina law. (ECF No. 16 at 1-4.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Standard of review

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

**B. The exhaustion requirement**

"Before seeking federal habeas review of a claim, a [state prisoner] ordinarily must raise that claim in the state court, complying with state procedural rules and exhausting available state remedies." *Gray v. Zook*, 806 F.3d 783, 797-98 (4th Cir. 2015) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "[W]hen a habeas petitioner fails to exhaust state remedies for a claim, federal review is not available until the petitioner . . . returns to state court" and exhausts his available state remedies. *Id.* (citing *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998)). "In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). Thus, a petitioner satisfies the exhaustion requirement by either fully exhausting his state remedies or "demonstrat[ing] that such an attempt would be futile." *Gray*, 806 F.3d at 798. "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994); *accord Breard*, 134 F.3d 615, 619 (4th Cir. 1998).

**C. State procedural rules**

In several decisions, the South Carolina Supreme Court has interpreted provisions of the South Carolina Administrative Procedures Act ("APA") regarding state prisoner challenges to SCDC decisions:

4

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the [ALC]. . . . Generally, a state prisoner's claim regarding credits that could impact his sentence calculation will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance process with appeal to the [ALC] . . . .

*Lisenby v. Riley*, No. 5:13-cv-1866-DCN, 2014 WL 1167503, at *3 (D.S.C. March 20, 2014), (citing *Al-Shabbaz v. State*, 527 S.E.2d 742 (S.C. 2000); *Slezak v. S.C. Dep't of Corr.*, 605 S.E.2d 506 (S.C. 2004)). An inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals. S.C. Code Ann. § 1–23–610 (Supp. 2015). The South Carolina Supreme Court has determined that an inmate's state remedies are considered exhausted after obtaining an adverse decision from the Court of Appeals. *See State v. McKennedy,* 559 S.E.2d 850, 853-54 (S.C. 2002).

For the purposes of appealing an SCDC decision to the ALC, South Carolina law provides that "[n]o filing fee is required in administrative appeals by inmates from final decisions of the Department of Corrections . . . . However, if an inmate files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar filing fee." S.C. Code Ann. § 1-23-670. The procedural rules for filing an appeal in the ALC make clear that an appeal will not be filed if the required filing fee is not submitted. *See* S.C. Admin. Law Ct. R. 71(A) ("A case will not be assigned to an administrative law judge and will not be processed until the filing fee has been paid or a waiver has been granted pursuant to Rule 71(B)."), http://www.scalc.net/pub/officialrules2016.pdf; *see also Bryan v. McFadden*, No. 5:15-1483-TMC, 2016 WL 470012, at *3 (D.S.C. Feb, 2, 2016) ("Petitioner's failure to pay the filing fee resulted in him being unable to receive a decision . . . ."). A petitioner's failure to file an available appeal in the ALC due to his nonpayment of the required filing fee constitutes a failure

to exhaust available state remedies for purposes of federal habeas review. *Bryan*, 2016 WL 470012, at *3; *Lisenby*, 2014 WL 1167503, at *4; *Yawn v. Eagleton*, No. 409-1221-PMD-TER, 2009 WL 3571364, at *3 (D.S.C. Oct. 26, 2009).

The South Carolina Supreme Court has held that "[i]n the absence of a statutory provision allowing the general waiver of filing fees, . . . motions to proceed in forma pauperis may only be granted where specifically authorized by statute or required by constitutional provisions." *Martin v. State*, 471 S.E.2d 134, 134-35 (S.C. 1995). Regarding waivers authorized by statute, in *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124 (S.C. 2003), the Supreme Court, citing its decision in *Martin*, held that there is no statutory provision allowing for the waiver of filing fees for an appeal brought under the APA. 586 S.E.2d at 128.

In 2008, after the Supreme Court's pronouncements in *Martin* and *Sullivan*, the South Carolina legislature enacted § 1-23-670, which became effective in 2009. The first sentence of the statute states, "Each . . . notice of appeal . . . before the [ALC] must be accompanied by a filing fee equal to that charged in circuit court . . . , unless another filing fee schedule is established by rules promulgated by the Administrative Law Court." S.C. Code Ann. § 1-23-670. The penultimate sentence of the statute states that "if an inmate files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar filing fee." *Id.* Also in 2009, the ALC promulgated its rules of procedure for matters before it. Rule 71(A) accounts for the three-appeals rule of § 1-23-670 by providing that the fee for filing an appeal in the ALC under *Al-Shabbaz* is only assessed for the third and subsequent appeals in a calendar year. S.C. Admin. Law Ct. R. 71(A). Rule 71(B) provides that "[a] party who is unable to pay the filing fee may request a waiver of the fee by filing a completed Request for Waiver form

with the Clerk of the Court at the same time the request for a . . . notice of appeal . . . is filed with the Court." S.C. Admin. Law Ct. R. 71(B).

Regarding waivers required by constitutional provisions, the Supreme Court clarified that provisions to which it referred were those involving "certain fundamental rights" for which "the Constitution requires that an indigent be allowed access to the courts." *Martin*, 471 S.E.2d at 135. The Supreme Court also explained that "when an indigent litigant files a motion to proceed in forma pauperis . . . and the complaint does not appear to fit within one of the statutory or constitutional exceptions to the requirement of a filing fee, the clerk of court must submit the motion to a judge for a ruling as to whether the complaint does fit within one of the statutory exceptions or whether the cause of action concerns a fundamental right that requires waiver of the filing fee." *Id.*

**D. The court's evaluation**

Although Petitioner's Objections are far from clear, because he is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberally construed, Petitioners Objections appear to be (1) that he exhausted his state court remedies by making all attempts he could to obtain review by the ALC; (2) that further attempts to obtain review would be futile as every avenue he has taken has led to a dead end; and (3) that his failure to exhaust his state remedies should be excused because the ALC has failed to abide by the procedures set forth in case law and statute. (ECF No. 16 at 1-4.)

The court agrees with the Magistrate Judge that Petitioner has failed to meet his burden to show that he has exhausted his state remedies. First, as the Magistrate Judge correctly determined, although Petitioner was entitled to appeal the SCDC's decision in the ALC, Petitioner failed to perfect his appeal by failing to submit the § 1-23-670 filing fee. Because he failed to perfect an

appeal available to him under South Carolina law, Petitioner has failed to exhaust his state remedies.

Next, Petitioner has also failed to meet his burden to show that any attempt to exhaust the state remedies available to him would be futile. Although Petitioner is indigent and alleges that he filed a motion to compel the ALC's Clerk's Office to file his appeal or, in the alternative, to proceed in forma pauperis, he has not alleged or shown that he followed the procedure in S.C. Admin. Law Ct. R. 71(B) for obtaining a fee waiver by completing the required form. It may well be that the ALC would refuse a fee waiver request under 71(B) for any number of reasons, but, because this court can only guess at the result of the request, a conclusion that the request would be futile is inappropriate. *See Knight v. West Virginia*, 981 F.2d 1251, 1992 WL 385277, at *1 (4th Cir. 1992) (unpublished table decision) ("[W]hen it is *clear* that the state court will refuse to entertain a habeas petitioner's claim, the prisoner need not exhaust his state remedies, because a prisoner is not required to exhaust a claim when seeking relief in the state courts would clearly be futile." (emphasis added) (citing *Teague v. Lane*, 489 U.S. 288 (1989))). The court notes that the basis for the Rule 71(B) fee waiver provision is not clear from the case law or from statute and that *Martin* and *Sullivan*, on which Petitioner relies, might be read to suggest that the Rule 71(B) fee waiver provision should not exist and that the action Petitioner took—seeking an in forma pauperis decision from a judge of the ALC because his claim arguably involves fundamental rights for which the Constitution requires an indigent be allowed access to the courts—was the proper method for exhausting his remedies. However, the court has no authority to permit Petitioner to bypass the Rule 71(B) fee waiver provision based on this reading of *Martin* and *Sullivan*, both of which, the court notes, were decided prior to the promulgation of Rule 71(B). Instead, faced with a procedure for obtaining state review that Petitioner has failed to utilize, the better course of action

is to dismiss this case so that the state courts can determine whether Petitioner's request under Rule 71(B) warrants a fee waiver. *See id.* ("The exhaustion requirement exists, as a matter of comity, to give the state courts the first opportunity to adjudicate alleged constitutional defects in their own criminal prosecutions" (citing *Renzi v. Virginia*, 794 F.2d 155, 158 (4th Cir. 1986))).

Finally, the court concludes that Petitioner's reliance on cause-and-prejudice analysis does not aid him. Although normally cause and prejudice are assessed if the court concludes that a habeas petitioner has procedurally defaulted, a number of decisions in this court have applied the cause-and-prejudice analysis when the court concludes that a petitioner has failed the exhaustion requirement. *See, e.g.*, *Patel v. Thomas*, No. 0:16-343-HMH-PJG, 2016 WL 4432713, at *2 (D.S.C. July 28, 2016) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir. 2001), *cited in McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004)). To the extent that Petitioner's failure to exhaust his state court remedies may be excused upon a showing of cause and prejudice, the court concludes that Petitioner has not made that showing. For a showing of cause, Petitioner appears to contend that he should be excused from exhausting his right to appeal in the ALC because the ALC has failed to follow its own rules. The court declines to consider this argument because "a federal habeas court does not review the application of state law. Rather, . . . [it] 'may only inquire into whether cause and prejudice exist to excuse a state procedural default, not into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 854 n.11 (4th Cir. 1998) (internal citation and brackets omitted) (quoting *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)); *see also Harrelson v. Trippet*, 67 F.3d 299, 1995 WL 579571, at *8 (6th Cir. 1995) (unpublished table decision) ("[P]etitioner's claim that the [state] courts erred in applying their own procedural rules is not a basis for habeas relief. 'A federal court is not free

to issue a writ of habeas corpus on the basis of a perceived error of state law.'" (internal quotation marks omitted) (quoting *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988))).

## III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Report and Recommendation (ECF No. 14), incorporating it by reference, and overrules Petitioner's Objections. Respondent's Motion to Dismiss (ECF No. 8) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 19, 2016
Columbia, South Carolina

10