# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>David Dunlap, Warden of Kershaw )<br>Correctional Institution, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 2:15-cv-004674-JMC<br><br><br>**ORDER AND OPINION** |

This matter comes before the court on Petitioner Bernard McFadden's ("Petitioner") *pro se* Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure of the court's September 19, 2016 order adopting Magistrate Judge Mary Gordon Baker's Report and Recommendation, granting Respondent David Dunlap's motion to dismiss, and dismissing Petitioner's 28 U.S.C. § 2241 petition without prejudice. (ECF No. 21.) For the reasons stated herein, the Motion for Reconsideration is **DENIED**.

Petitioner filed his § 2241 petition on November 16, 2015,[1] seeking habeas relief. (ECF No. 1.) Specifically, Petitioner alleges that he lost good time credit following a conviction in a prison disciplinary hearing in which his requests to produce witnesses who would testify regarding the underlying incident were denied, which, he claims, violated his rights under the Fourteenth Amendment. (*Id.*) The Magistrate Judge issued her Report and Recommendation on July 6, 2016, and, on September 19, 2016, the court accepted the Report and Recommendation, over Petitioner's

---

[1] Prisoner petitions are deemed filed when they are delivered to prison authorities for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

1

objections, and dismissed Petitioner's § 2241 petition without prejudice. Petitioner filed the instant motion for reconsideration on September 28, 2016. (ECF No. 21.)

Petitioner brings this claim *pro se.* This court is required to construe *pro se* pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct a petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

Petitioner brings this Motion for Reconsideration under Rule 59(e), which allows a party to file a motion to alter or amend a judgment within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). It may only be granted for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (internal quotation marks omitted).

Having reviewed Petitioner's motion, the court finds it presents no new controlling law or new evidence, nor does it point to any clear legal error. Therefore, the court concludes that

2

reconsideration of its dismissal order is not warranted.[2] For these reasons, Petitioner's Motion for Reconsideration (ECF No. 21) is **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

October 20, 2016
Columbia, South Carolina

---

[2] Petitioner's motion also asks the court to clarify its September 19, 2016 order. (*See* ECF No. 21 at 1.) However, it is clear from the motion that the "clarification" Petitioner seeks is not further elucidation of the order's effect but, instead, a reconsideration of whether the state courts had a fair opportunity to rule on the underlying constitutional claims Petitioner raised. Because clarification is not sought, the court does not grant it. In any event, the September 19, 2016 order speaks for itself.